UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN CALVIN HUMPHRIES** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-5426** |
| **ONEBEACON AMERICA INSURANCE COMPANY ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant Elliott Company ("Elliott") for reconsideration, pursuant to Rule 59(e), of the Court's January 30, 2014 order,[2] which remanded the above-captioned matter to state court. Plaintiff has filed an opposition,[3] to which Elliott has filed a reply.[4] For the following reasons, the motion is **DENIED**.

## BACKGROUND

The above-captioned matter was originally filed in the Civil District Court for the Parish of Orleans, State of Louisiana, and removed to this Court by DuPont pursuant to 28 U.S.C. § 1442(a)(1).[5] That provision, referred to as the Federal Officer Removal Statute, "allows a private person, including a corporation such as DuPont, to remove a state court action when acts that are the subject of the plaintiff's action were carried out by the corporation while acting under any agency or officer of the United States."[6] *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998). DuPont claimed eligibility for removal pursuant to the Federal Officer Removal Statute because the Savannah River Plant was operated by DuPont for, and at

---

[1] R. Doc. No. 340.
[2] R. Doc. No. 339.
[3] R. Doc. No. 341.
[4] R. Doc. No. 347.
[5] *See* R. Doc. No. 1.
[6] R. Doc. No. 1, ¶ 6.

the request of, the U.S. Government, and DuPont's notice of removal made clear that it intended to pursue a "government contractor defense" based on federal law.[7]

Neither Elliott nor any other defendant joined in DuPont's removal or filed their own notice of removal. Elliott now claims that "[b]ecause it was a federal contractor, Elliott could have removed the case under the Federal Officer Removal Statute, [and] would have done so had Dupont not acted first."[8] Elliott asserted a federal contractor defense in its answer,[9] which it claims "preserved the issue."[10] Accordingly, because "the defenses applicable to DuPont as a federal contractor are [allegedly] equally applicable to Elliott as a government contractor," Elliott contends that it is entitled to a federal forum.[11]

## STANDARD OF LAW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed within twenty-eight days of the judgment will be recharacterized as a motion to alter or amend the judgment and will be construed pursuant to Rule 59(e).[12] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004).[13]

A motion to alter or amend the judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district

---

[7] R. Doc. No. 1, ¶ 17.
[8] R. Doc. No. 340, at 1.
[9] R. Doc. No. 13, at 7.
[10] R. Doc. No. 340, at 1.
[11] R. Doc. No. 340-1, at 1.
[12] Elliott's motion for reconsideration was filed on February 4, 2014, R. Doc. No. 340, five days after the Court remanded the case, R. Doc. No. 339.
[13] The ten-day time limit referred to in *Shepherd* was extended to twenty-eight days when the Federal Rules of Civil Procedure were amended in 2009. *See* Fed. R. Civ. Proc. 59(e).

court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

> A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law.

*Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.). "The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir 1993).

Rule 59 does not provide litigants with a second chance to raise issues that previously could have been addressed. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.") (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008) (Feldman, J.) ("Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.").

**DISCUSSION**

I.      **Elliott's Right of Removal**

The threshold issue, which Elliott fails to consider and which plaintiff only briefly addresses,[14] is whether Elliott waived its right to pursue its government contractor defense in a federal forum. Elliott did not join in DuPont's August 13, 2013 notice of removal,[15] nor did it file anything into the record indicating that it desired a federal forum. However, 28 U.S.C. § 1446(a) requires that "[a] defendant or defendants desiring to remove any civil action from a State court *shall* file in the district court . . . a notice of removal." (emphasis added). Such notice "*shall* be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *Id.* § 1446(b) (emphasis added). Accordingly, Elliot did not comply with the procedural requirements for removal.

If a litigant who is entitled to removal fails to exercise that right in a timely fashion, then it is waived. *Id.*; *see also, e.g.*, *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ("In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("[A] federal officer defendant's thirty days to remove commence when the plaintiff discloses sufficient facts for federal officer removal . . . .").[16] The equitable exception mentioned in *Brown* "would likely apply in situations where (1) the plaintiff had acted in bad faith to prevent the defendant from removing and (2) where removal was necessary to prevent injustice." *Benesmart,*

---

[14] *See* R. Doc. No. 341, at 1.

[15] *See* R. Doc. No. 1.

[16] Elliott has not argued that the "thirty days to remove" should have commenced on any other date, *see Durham*, 445 F.3d at 1253, and it is clear that Elliott was aware of its right to remove the case when it received plaintiff's initial pleading, as it now contends that it would have removed the case if DuPont had not done so. R. Doc. No. 340, at 1.

*Inc. v. Total Fin. Grp., LLC*, No. 12-2645, 2012 WL 6020340, at *4 (E.D. La. Dec. 3, 2012) (Barbier, J.) (citing *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011)). Elliott has not argued, and the Court does not find, that any "exceptional or unique circumstances" exist to warrant an extension of the time for Elliott to remove the case. *See id.* Accordingly, Elliott's failure to timely assert its right of removal has been waived.

It is true that removal pursuant to § 1442 is different from other types of removal in a number of ways. The Federal Officer Removal Statute provides, "A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following [federal officers] may be removed by them to the district court of the United States . . . ." 28 U.S.C. § 1442(a). Unlike removal pursuant to § 1441, which is to be narrowly interpreted and with doubts resolved in favor of remand, removal rights pursuant to § 1442 are more broadly interpreted in order to vindicate the policies behind federal officer removal. *See, e.g.*, *Durham*, 445 F.3d at 1252-53. For example, such removal applies to both civil and criminal cases, the district court need not have original jurisdiction over the plaintiff's claim, the well-pleaded complaint rule does not apply, and one defendant may remove the case without obtaining the consent of its co-defendants. *See* 28 U.S.C. § 1442(a); *Durham*, 445 F.3d at 1252-53; *Cabalce v. VSE Corp.*, 922 F. Supp. 2d 1113, 1119 (D. Haw. 2013) (citing *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981)); *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc.*, 809 F. Supp. 2d 524, 529-30 (E.D. La. 2011) (Vance, J.); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 10-4118, 2012 WL 601805, at *3 (E.D. La. Feb. 23, 2012) (Engelhardt, J.).

Despite these differences, however, Elliott still must assert its § 1442 right in a timely manner in order to be entitled to a federal forum. The language of the statute is permissive, not

mandatory, and it is the option of the federal officer whether to seek a federal forum by exercising its right of removal. *See* 28 U.S.C. § 1442(a) ("... *may* be removed ...") (emphasis added); David D. Siegel, *Commentary on 1996 Amendment of Section 1442*, 28 U.S.C.A. § 1442 (West 2006) ("Since removal is the option of the defendants, those able to remove but failing to under § 1442(a) are presumably signaling their willingness to have these issues decided by the state court, at least in first instance."). Elliott's failure to assert its right to remove the case in a timely fashion signaled to the Court that it was willing to have its government contractor defense adjudicated in a state forum.[17] *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) ("[T]here must be some *timely filed written indication* from each served defendant . . . that it has actually consented to [removal]. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." (emphasis added)). That Elliott has now either changed its mind or realized its oversight does not constitute a proper basis for reconsidering the Court's January 30, 2014 order pursuant to Rule 59(e).

Elliott contends that its failure to join in DuPont's notice of removal is inconsequential because it "preserved the issue in its Answer"[18] and, therefore, "subject-matter jurisdiction indisputably exists over Elliott's claims."[19] Jurisdiction pursuant to § 1442 is present due to the exercise of the federal officer's right of removal, not the mere existence of the defense, as this Court recognized in its January 30, 2014 order.[20] *See Mesa v. California*, 489 U.S. 121, 136 (1989) ("Section 1442(a), in our view, is a pure jurisdictional statute, seeking to do nothing more

---

[17] For the same reasons, Elliott also waived its right to assert removal on the basis that the Savannah River Plant is a federal enclave, R. Doc. No. 342-1, at 10, since no defendant asserted this as a ground for removal within the 30-day time period. *See* 28 U.S.C. §§ 1331, 1441, 1446.
[18] R. Doc. No. 340.
[19] R. Doc. No. 342-1, at 2.
[20] R. Doc. No. 339 ("DuPont's federal contractor defense was the sole basis for removal and the only reason to exercise federal jurisdiction in this case.").

6

than grant district court jurisdiction over cases in which a federal officer is a defendant. . . . The removal statute itself merely serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged."); *Arizona v. Manypenny*, 451 U.S. 232, 241-43 (1981). Accordingly, the Court finds that merely asserting a federal contractor defense in an answer is not the equivalent of complying with the removal requirements of § 1442 and § 1446.

Elliott easily could have joined in DuPont's notice of removal. Litigants who claim a federal contractor defense routinely join in notices of removal filed by their co-defendants or file their own separate notices in order to protect their rights. *See, e.g.*, *Ross v. Airbus S.A.S.*, No. 13-1053, 2013 WL 5887521, at *1 (D. Md. Oct. 30, 2013); *In re FEMA Trailer Formaldehyde Prods. Liability Litig.*, 2012 WL 601805, at *3; *Pianko v. Gen. Elec. Co.*, No. 09-1053, 2010 WL 717897, at *1 (D. Conn. Feb. 23, 2010); *Town of Davis v. W. Va. Power & Transmission Co.*, 647 F. Supp. 2d 622, 625-26 (N.D.W. Va. 2007); *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1148 (D. Colo. 2002). Furthermore, another Section of this Court has found, under a substantially similar set of circumstances, that a defendant such as Elliott must join in a notice of removal or file its own notice in order to preserve its § 1442 right to assert a federal forum. *See Morgan v. Great S. Dredging, Inc.*, No. 11-2461, 2013 WL 1881051 (E.D. La. May 3, 2013) (Brown, J.).

Furthermore, were the Court to find that removal pursuant to § 1442 was not subject to any time limitation where a defendant merely includes a federal defense in one's answer, it would create a substantial potential for abuse. The Court acknowledges that Elliott had no previous opportunity to brief its opinion regarding the propriety of a remand. However, even if the Court were to review the issue *de novo*, the result would be the same. No matter the

7

procedural posture or standard of review, Elliott has not provided any authority to support reviving its right of removal.

## II.     Supplemental Jurisdiction

Elliott has not demonstrated that the Court committed any error when it declined to exercise supplemental jurisdiction over the remainder of the case. "[Section] 1442(a)(1), through its creation of an ancillary jurisdiction, confers discretion on the district court to decline to exercise continued jurisdiction over [a remaining defendant]'s claim once [the federal officer has] dropped out of the case." *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 160 (5th Cir. 1982) (emphasis added); *see also District of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132-33 (D.C. Cir. 1985) (citing *IMFC*, 676 F.2d at 158-60) ("If the federal party is eliminated from the suit after removal under [§ 1442(a)(1)], the district court does not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties. . . . Instead, the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court."); *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 438 (5th Cir. 1984) (citing *IMFC*, 676 F.2d at 160) ("[O]nce the federal claims had dropped out of the case, the district court had discretion to decline to exercise continued jurisdiction over the nonfederal elements."); 14C Wright & Miller, Federal Practice & Procedure § 3726 (4th ed. 2014) ("The district court can exercise its discretion to decline jurisdiction over the supplemental claims if the federal agency drops out of the case, or even if the federal defendant remains a litigant.").

Elliott cites to *FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992), for the proposition that the Court had no authority to remand the case *sua sponte*. However, *Loyd* is distinguishable because that case was concerned with a misapplication of the 1988 amendments to § 1447(c). *See* 955

F.2d at 319-21; *see also In re Allstate Ins. Co.*, 8 F.3d 219, 222-23 (5th Cir. 1993) (discussing the 1988 amendments to § 1477(c)). This Court issued its order pursuant to § 1367, and the Court can and should *sua sponte* examine the existence of its § 1367 supplemental jurisdiction. *See, e.g.*, *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 812 n.2 (5th Cir. 2007) ("LifeCare argues that the district court violated its due process rights by not giving LifeCare notice of any intention to remand the action pursuant to the discretionary jurisdiction provision.[21] We find this argument wholly unpersuasive. As a bedrock principle of federal jurisdiction, a court may sua sponte review whether subject matter jurisdiction exists in a case."); *Lucero v. Trosch*, 121 F.3d 591, 598 (11th Cir. 1997) ("[T]he court's power to hear and decide a claim under § 1367(a), i.e., subject matter jurisdiction, is an issue which may be raised at any time by the parties and should be raised *sua sponte* by the court."); *Myers v. Cnty. of Lake, Ind.*, 30 F.3d 847, 849-50 (7th Cir. 1994); *Deaville v. Capital One Bank*, 425 F. Supp. 2d 744, 756 (W.D. La. 2006) (citing *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1465 (5th Cir. 1995)).

Finally, Elliott's argument that this Court abused its discretion because federal claims still remain in the case is similarly misguided.[22] The issue is not whether Elliott intends to assert a federal defense but, rather, whether Elliott intended to do so in a federal forum. As discussed above, it is the exercise of the right of removal pursuant to § 1442 that invokes a district court's jurisdiction, not merely the assertion of a federal defense.

---

[21] *Preston* focused specifically on the discretionary jurisdiction provision in the Class Action Fairness Act, but the court specifically noted that provision's similarities to § 1367. *See Preston*, 485 F.3d at 810.
[22] R. Doc. No. 342-1, at 2-3.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that Elliott's motion[23] to stay the Court's January 20, 2014 order pending the resolution of its motion for reconsideration is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Elliott's motion[24] for leave to file a reply memorandum in support of its motion to stay is **DISMISSED AS MOOT**.

New Orleans, Louisiana, February 24, 2014.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[23] R. Doc. No. 349. The motion to stay has been noticed for submission on March 12, 2014. R. Doc. No. 349-2.

[24] R. Doc. No. 351.