UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN HUMPHRIES | CIVIL ACTION |
| VERSUS | No. 13-5426 |
| ONEBEACON AMERICA INSURANCE COMPANY ET AL. | SECTION I |

### ORDER

Before the Court is a motion[1] filed by Elliott Company ("Elliott") for a stay of this Court's remand order pending appeal. Plaintiff has filed an opposition,[2] to which Elliott has filed a reply.[3] For the following reasons, the motion is **DENIED**.

The Court assumes familiarity with the pertinent background of this case.[4]

As an initial matter, plaintiff contends that the remand order is not appealable.[5] However, 28 U.S.C. § 1447(d) provides an exception for "an order remanding a case to the State court from which it was removed pursuant to section 1442." *See* 28 U.S.C. § 1447(d). This case was originally removed to this court pursuant to § 1442.[6] Accordingly, the clear language of this exception applies and the Court's remand order is reviewable.

Plaintiff also contends that the mailing of the remand order divested this Court of jurisdiction such that it cannot even consider Elliott's motion for a stay.[7] As a general proposition, this is correct—there is "legal significance in the mailing of a certified copy of the

---

[1] R. Doc. No. 355.
[2] R. Doc. No. 357.
[3] R. Doc. No. 360.
[4] R. Doc. No. 353, at 1-2.
[5] R. Doc. No. 357, at 2
[6] R. Doc. No. 1.
[7] R. Doc. No. 357, at 1-2.

remand order in terms of determining the time at which the district court is divested of jurisdiction." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001). However, "[i]t is clear that, where an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.'" *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991); *see Thomas v. LTV Corp.*, 39 F.3d 611, 615-16 (5th Cir. 1994); *Sherman v. Gulf Pride Marine Servs., Inc.*, 191 B.R. 328, 330 (E.D. La. 1996) (Sear, C.J.); *McDermott Int'l, Inc. v. Underwriters at Lloyd's London*, No. 91-0841, 1991 WL 121216, at *1 (E.D. La. June 21, 1991) (McNamara, J.). Because the Court's remand order is subject to appellate review, "the remand order is treated like any other final judgment."[8] *Thomas*, 39 F.3d at 616.

A consideration of four factors guides the Court's determination of a motion for a stay pending appeal.[9] The Court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

---

[8] Plaintiff also contends that Rule 62 does not allow for a stay of a remand order. R. Doc. No. 357, at 2 (citing *City of New Orleans v. Nat'l Serv. Cleaning Corp.*, No. 96-1601, 1997 WL 5915, at *1 (E.D. La. Jan. 6, 1997) (Duval, J.)). In *City of New Orleans*, on which plaintiff relies, the movant sought a stay pursuant to Rule 62(d), which applies only to monetary judgments. *Id.* Here, however, Elliott did not specify the subsection of Rule 62 under which it was proceeding. R. Doc. No. 355, at 1.

"[S]ome courts have held that a stay of a remand to state court . . . requires a [Rule] 62(c) analysis. . . . [A] motion to stay a remand to state court [can be considered] as a motion arising under Rule 62(c) because 'remand orders are most closely analogous to the exercise of the court's injunctive powers.'" *Bray v. Fort Dearborn Life Ins. Co.*, No. 06-560, 2008 WL 1820594, at *2 (N.D. Tex. Apr. 23, 2008) (quoting *Poore v. Ohio*, 243 F. Supp. 777, 782 (N.D. Ohio 1965)); *see also, e.g.*, *Shareholders of R.E. Heidt Constr. Co. v. Price*, No. 10-1260, 2011 WL 4591860, at *2 (W.D. La. Sept. 29, 2011); *Alarcon v. Shim, Inc.*, No. 07-2894, 2007 WL 4287336, at *2-3 (N.D. Cal. Dec. 5, 2007).

As discussed below, "[e]ven if the Court had the power to stay the remand order, [Elliott] has not made a sufficient showing under Rule 62 for the Court to take such action." *Schexnayder v. Entergy LA Inc.*, No. 03-2766, 2003 WL 25735531, at *1 (E.D. La. Dec. 19, 2003) (Feldman, J.). Accordingly, the Court assumes, without deciding, that Rule 62(c) permits Elliott to seek a stay of the Court's remand order.

[9] The parties agree that this test controls. R. Doc. No. 355-1, at 2; R. Doc. No. 357, at 5.

remand order in terms of determining the time at which the district court is divested of jurisdiction." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001). However, "[i]t is clear that, where an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.'" *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991); *see Thomas v. LTV Corp.*, 39 F.3d 611, 615-16 (5th Cir. 1994); *Sherman v. Gulf Pride Marine Servs., Inc.*, 191 B.R. 328, 330 (E.D. La. 1996) (Sear, C.J.); *McDermott Int'l, Inc. v. Underwriters at Lloyd's London*, No. 91-0841, 1991 WL 121216, at *1 (E.D. La. June 21, 1991) (McNamara, J.). Because the Court's remand order is subject to appellate review, "the remand order is treated like any other final judgment."[8] *Thomas*, 39 F.3d at 616.

A consideration of four factors guides the Court's determination of a motion for a stay pending appeal.[9] The Court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

---

[8] Plaintiff also contends that Rule 62 does not allow for a stay of a remand order. R. Doc. No. 357, at 2 (citing *City of New Orleans v. Nat'l Serv. Cleaning Corp.*, No. 96-1601, 1997 WL 5915, at *1 (E.D. La. Jan. 6, 1997) (Duval, J.)). In *City of New Orleans*, on which plaintiff relies, the movant sought a stay pursuant to Rule 62(d), which applies only to monetary judgments. *Id.* Here, however, Elliott did not specify the subsection of Rule 62 under which it was proceeding. R. Doc. No. 355, at 1.

"[S]ome courts have held that a stay of a remand to state court . . . requires a [Rule] 62(c) analysis. . . . [A] motion to stay a remand to state court [can be considered] as a motion arising under Rule 62(c) because 'remand orders are most closely analogous to the exercise of the court's injunctive powers.'" *Bray v. Fort Dearborn Life Ins. Co.*, No. 06-560, 2008 WL 1820594, at *2 (N.D. Tex. Apr. 23, 2008) (quoting *Poore v. Ohio*, 243 F. Supp. 777, 782 (N.D. Ohio 1965)); *see also, e.g.*, *Shareholders of R.E. Heidt Constr. Co. v. Price*, No. 10-1260, 2011 WL 4591860, at *2 (W.D. La. Sept. 29, 2011); *Alarcon v. Shim, Inc.*, No. 07-2894, 2007 WL 4287336, at *2-3 (N.D. Cal. Dec. 5, 2007).

As discussed below, "[e]ven if the Court had the power to stay the remand order, [Elliott] has not made a sufficient showing under Rule 62 for the Court to take such action." *Schexnayder v. Entergy LA Inc.*, No. 03-2766, 2003 WL 25735531, at *1 (E.D. La. Dec. 19, 2003) (Feldman, J.). Accordingly, the Court assumes, without deciding, that Rule 62(c) permits Elliott to seek a stay of the Court's remand order.

[9] The parties agree that this test controls. R. Doc. No. 355-1, at 2; R. Doc. No. 357, at 5.

injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also Arnold*, 278 F.3d at 439-42. Of these factors, the first is most important because "it is a widely held view that a stay can never be granted unless the movant has shown that success on appeal is probable." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). "[T]he movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.*

First, for the reasons set forth in the Court's February 24, 2014 order and reasons, the Court is not persuaded that Elliott is likely to succeed on the merits of its appeal.[10] First, the Court stated in its order on Elliott's motion for reconsideration that under any standard of review, the Court would have found that Elliott's right to removal was forfeited.[11] Second, Elliott's repeated reliance on *FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992),[12] misses the crucial point that *Loyd* is distinguishable because this Court exercised its discretion to refuse supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Court did not remand the case for procedural defects—Elliott did not file a notice of removal, so such notice could not have been procedurally defective.[13] *See Thomas*, 39 F.3d at 615. Third, the factual issues raised in Elliott's reply brief are based on additional evidence that was not previously in the record.[14] Elliott easily could have

---

[10] R. Doc. No. 353.
[11] R. Doc. No. 353, at 7-8.
[12] R. Doc. No. 355-1, at 5-6.
[13] R. Doc. No. 353, at 8-9.
[14] Elliott has not cited any previously filed record document showing the date on which it was served, and the Court's own review of the record revealed no such document.

raised this issue in its motion for reconsideration, but it has offered no explanation for its failure to do so.[15] Accordingly, this factor weighs strongly against granting a stay.

Second, Elliott may suffer irreparable injury by failure to grant a stay. Elliott contends that its "statutory right of appeal will be rendered meaningless if plaintiff is allowed to proceed with this litigation in state court while the federal appeal is ongoing."[16] The expedited trial setting in state court[17] further validates Elliott's concerns. The Court cannot definitely state that Elliott will suffer irreparable injury because of uncertainty regarding the state court schedule. However, because there is not a substantial likelihood of success on appeal, the importance of this factor is significantly reduced.[18] *See Arnold*, 278 F.3d at 441. Accordingly, this factor weighs in favor of granting a stay, but it is not dispositive.

---

[15] *See, e.g.*, R. Doc. No. 340-1, at 5 ("The sole reason Elliott did not remove this case from state court to this court is that prior to the deadline for Elliott to act, Dupont had already removed the case."). Even if the Court were to construe Elliott's present motion and reply memorandum as a second motion for reconsideration, the Court would still not consider this evidence, which "could have been presented earlier in the proceedings." *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008) (Feldman, J.) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) ("[A motion for reconsideration] is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."); *see also Fed. Land Bank Ass'n of S. Ala., FLCA v. H&H Worldwide Fin. Serv., Inc.*, 354 F. App'x 85, 87 (5th Cir. 2009) ("When a party 'fail[s] to present [an] argument to the district court,' the party usually is 'barred from making this argument on appeal.'") (alterations original) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 422 (5th Cir. 2008)).
[16] R. Doc. No. 355-1, at 7.
[17] *See* R. Doc. No. 357, at 2.
[18] Plaintiff argues that "adjudicating the issue in state court does not amount to irreparable injury, especially where Elliott failed to preserve its right to adjudicate in a federal forum." R. Doc. No. 357, at 11. As this Court previously observed, "Elliott's failure to assert its right to remove the case in a timely fashion signaled to the Court that it was willing to have its government contractor defense adjudicated in a state forum." R. Doc. No. 353, at 6 (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)). Additionally, the Court notes that "'[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'" *Alarcon*, 2007 WL 4287336, at *4 (alteration in original) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)).

Third, plaintiff would be substantially injured by a stay. Plaintiff is extremely ill, and he contends that granting a stay would "undoubtedly result in Mr. Humphries dying before his trial."[19] *See Arnold*, 278 F.3d at 441 ("What is certain is that delay where plaintiffs have mesothelioma, asbestosis, or pleural disease, or where decedents' survivors await compensation for support substantially harms those parties."). Although Elliott asserts that it "is willing to seek review in the Fifth Circuit on an expedited basis,"[20] there is no indication that it has yet done so,[21] and Elliott has not sought expedited consideration of any of the motions that it has filed with this Court regarding this issue. The Court is without sufficient information to determine whether any other party to the litigation would be substantially injured. However, in light of plaintiff's illness, the Court finds that this factor weighs strongly against granting a stay.

Fourth, there are public interests that weigh in favor of granting a stay. Elliott is correct that concerns underlying the federal officer removal statute, judicial economy, and avoiding unnecessary litigation are important matters of public concern.[22] However, there are also public interests that weigh against a stay: the Court remanded the case pursuant to 28 U.S.C. § 1367 after a consideration of "the values of judicial economy, convenience, fairness, and comity."[23] Accordingly, the Court finds that this factor is neutral.

The Court is mindful that whether Elliott presented a substantial case on the merits is the most important concern. *Ruiz*, 650 F.2d at 565. As described above, the Court is not persuaded

---

[19] R. Doc. No. 357, at 4.
[20] R. Doc. No. 355-1, at 8.
[21] *See* R. Doc. No. 354. Rule 27.5 of the Fifth Circuit Rules permits a motion to expedite an appeal to be "presented in the same manner as other motions. Only the court may expedite an appeal and only for good cause." *See also* Fed. R. App. P. 27 (motions). The Fifth Circuit docket does not show that any such motion has been at this time. *See Humphries v. OneBeacon Am. Ins. Co.*, No. 14-30182 (5th Cir. filed Feb. 28, 2014).
[22] *See* R. Doc. No. 355-1, at 8-10.
[23] R. Doc. No. 339, at 2 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

that Elliott has a substantial case on the merits, and "the balance of the equities [does not] weigh[] heavily in favor of granting the stay." *See id.* Accordingly, having considered the foregoing factors,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, April 2, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**