UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN CALVIN HUMPHRIES     CIVIL ACTION

VERSUS     No. 13-5426

ONEBEACON AMERICA INSURANCE     SECTION I
COMPANY ET AL.

## ORDER AND REASONS

At the November 19, 2014 status conference, "[c]ounsel agreed that, in the event that the Court grants full summary judgment in favor of [defendant, Elliott Company ("Elliott"),] or that Elliott is otherwise dismissed from the case, the Court would not have original jurisdiction over any other claims or defenses in this litigation, and at such time the Court could, in its discretion, consider whether or not to exercise supplemental jurisdiction over the remaining related claims pursuant to 28 U.S.C. § 1367(c)."[1] On February 9, 2015, this Court dismissed[2] all of plaintiff's claims against Elliott pursuant to a settlement reached by the parties.[3] Accordingly, the Court provided the remaining parties an opportunity to file a memorandum addressing the supplemental jurisdiction issue.[4] Plaintiff and several defendants have done so.[5] For the following reasons, the above-captioned matter is **REMANDED**.

---

[1] R. Doc. No. 392, at 1.
[2] R. Doc. No. 461.
[3] *See* R. Doc. No. 460.
[4] R. Doc. No. 461, at 2.
[5] *See* R. Doc. Nos. 463, 466 (plaintiff); R. Doc. No. 464 (General Electric Company; Anco Insulations, Inc.; Eagle, Inc.; The McCarty Corporation; Riley Power, Inc.; OneBeacon American Insurance Company; Pennsylvania General Insurance Company); R. Doc. No. 465 (Bayer CropScience, Inc.). The Court notes that R. Doc. No. 464 has been filed as a motion to retain supplemental jurisdiction, instead of as a memorandum, and such motion is **DENIED**.

Section 1367(c) gives district courts the discretion to decline to exercise supplemental jurisdiction over pendent state law claims. The statute requires the court to consider "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011) (citing 28 U.S.C. § 1367(c)). "[A] federal court should [also] consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Enochs*, 641 F.3d at 159; *see also Batiste v. Island Records, Inc.*, 179 F.3d 217, 226-27 (5th Cir. 1999).

Generally, "if all the federal law claims are dismissed prior to trial, a district court should dismiss the state law claims." *Sprague v. Dep't of Family & Prot. Servs.*, 547 F. App'x 507, 509 (5th Cir. 2013); *see also Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). "[I]t is clear that a district court has wide discretion to refuse to hear a pendent state law claim." *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998).

The above-captioned matter was originally removed to this Court on August 13, 2013, pursuant to the federal officer removal statute.[6] On January 30, 2014, this Court remanded it to state court after the dismissal of the defendant which originally removed the action.[7] On August 14, 2014, the U.S. Court of Appeals for the Fifth Circuit issued as mandate its opinion reversing this Court's January 30, 2014 order due to the presence of

---

[6] R. Doc. No. 1.
[7] R. Doc. No. 339. The Court also denied a motion for reconsideration of such order and denied a motion to stay the remand pending appeal. *See* R. Doc. Nos. 353, 361.

2

Elliott which had asserted a federal contractor defense in its answer.[8] On September 23, 2014, this Court denied plaintiff's motion to remand[9] and this matter was rescheduled for trial.[10]

On November 19, 2014, this Court held a status conference and advised the parties to resubmit any motions that required this Court's consideration, and such motions were taken under advisement on December 17, 2014, approximately two months ago.[11] The Court has yet to decide any of the numerous dispositive motions and motions in limine pending before it, only one additional status conference has been held, and the Court has only issued two orders related to such motions, both of which related to the enforcement of the Court's scheduling order rather than any substantive issues.[12] However, plaintiff has asserted, and no defendant has contested, that "[m]ost of the same motions that are currently pending before this Honorable Court were filed with the state court trial judge and were ruled upon already by the state court trial judge."[13]

The Court acknowledges that this case was originally removed from state court approximately one-and-a-half years ago, and if the length of time since removal were the only

---

[8] R. Doc. No. 366. The Fifth Circuit opinion was stamped as "filed" on July 23, 2014, and issued as mandate on August 14, 2014, but it was not docketed in this Court's record until August 20, 2014. *See* R. Doc. No. 366, at 1.
[9] R. Doc. No. 375.
[10] *See* R. Doc. No. 377.
[11] *See* R. Doc. No. 392.
[12] *See* R. Doc. Nos. 446, 448.
[13] R. Doc. No. 463, at 2; *see* R. Doc. Nos. 466-2 to -15 (state court orders). Defendants assert that the case would be sent back "to a judge who has no familiarity with this matter," R. Doc. No. 464-1, at 7, but defendants have given no reason as to why this would be the case. *Cf.* R. Doc. No. 466, at 2 ("This is simply another misrepresentation. The state court trial judge is intimately familiar with this matter and has already considered virtually every issue in this case which is currently pending before this Court.").

factor to consider, defendants' arguments would be more forceful.[14] However, the overall balance of statutory and common law factors present in this case weigh in favor of remand.

The Court first considers the statutory factors. *See Enochs*, 641 F.3d at 159. First, this case raises complex issues of state law, and although this Court is capable of determining such issues, they are much more frequently litigated in state court. Second, the state law claims clearly predominate, as all remaining questions are governed by state law. Third, the parties agree that there are no remaining federal issues. Fourth, defendants have not demonstrated that any exceptional circumstances or other compelling reasons are present that would counsel in favor of retaining jurisdiction.[15]

The Court next considers the common law factors. First, judicial economy would be greatly conserved by remanding to state court where, as stated, "the state court trial judge [has] ruled on most of the substantive motions that are currently pending before this Court."[16] In contrast, this Court has not issued any substantive rulings on the pending motions, the pretrial conference has yet to occur and, given the large number of pending motions and unresolved issues, the presently scheduled trial date would be continued.[17] Second, the Court notes that these parties and attorneys frequently litigate similar cases in state court and there is no reason to

---

[14] *Cf.* R. Doc. No. 466, at 2 ("This Court has had the case for approximately 11 months while the matter was in state court for approximately 8 months. Accordingly, there is not much difference in the amount of time the case has spent in each court.").

[15] Defendants contend that the length of time that the case has been before this Court constitutes an "exceptional circumstance" that warrants the retention of jurisdiction. R. Doc. No. 464-1, at 4-5. However, as noted above, this Court has not had continuous jurisdiction over the case since its initial removal, and the state court has done substantial work to prepare this case for trial. *See* R. Doc. No. 466, at 2.

[16] R. Doc. No. 463, at 2.

[17] Given that this Court has not issued any substantive rulings related to the pending motions, it is difficult to imagine how plaintiff could "attempt to re-litigate in state court rulings made against it by the district court," as defendants contend. R. Doc. No. 464-1, at 5 (internal quotation marks omitted). In fact, if this Court retained jurisdiction, the opposite situation would be present: the parties would be re-litigating issues already decided by the state court.

suspect that it would be inconvenient to do so in this case. Third, despite defendants' bare assertion to the contrary,[18] the Court does not find that remanding this case would be unfair to any party. The discovery and briefing that has already occurred will be "largely usable in the state proceeding," and remanding this case will not result in unfairness or undue inconvenience. *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 588 (5th Cir. 1992). Fourth, principles of federalism and comity point toward remanding this case to the state court that has already decided most of the substantive issues. By remanding the above-captioned matter, the Court would avoid duplicating the efforts of the state court and re-litigating issues that the state court has already decided.

Finally, the Court notes that this case is plainly distinguishable from *Vedros v. Northrop Grumman Shipbuilding, Inc.*, No. 11-1198, 2014 WL 1652468, *1 (E.D. La. Apr. 24, 2014) (Barbier, J.), in which the court found that the matter was "ripe for trial . . . after ruling on eighteen (18) motions for summary judgment." *See also Brookshire Bros. Holding, Inc. v. Dayco Prods, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("Our case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit *after investing a significant amount of judicial resources* in the litigation analogous to that invested by the district court in this case, that court has abused its discretion under 28 U.S.C. § 1367.") (emphasis added); *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 308 (5th Cir. 1991) (reversing a district court's decision to remand a case where "'hundreds of Court hours' [had been] devoted to the case" and "litigation had reached 'the eve of trial after years of difficult discovery'").

---

[18] R. Doc. No. 464-1, at 6.

The amount of judicial resources expended in *Vedros*, *Brookshire Brothers*, and *Newport* was immense compared to the resources that have been devoted to this case by this Court. As previously stated, there are numerous pending motions and the case is not ready for trial. The amount of resources that would need to be expended by this Court to prepare the case for trial is all the more relevant in light of the fact that the state court has already ruled on many, if not all, of the substantive issues.[19] Retaining jurisdiction would not "prevent redundancy and conserve scarce judicial resources," *Batiste*, 179 F.3d at 228, but would actually *duplicate* the efforts of the state court and *waste* scarce judicial resources.

Having considered the statutory and common law factors and finding that they weigh in favor of remand, the Court finds no reason to deviate from "the general rule . . . that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros.*, 554 F.3d at 602. Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the above-captioned matter and all pending motions are **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for all further proceedings.

New Orleans, Louisiana, February 20, 2015.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[19] The Court finds that *Doddy v. Oxy USA, Inc.*, 101 F.3d 448 (5th Cir. 1996), and *Port of South Louisiana v. Tri-Parish Industries, Inc.*, 927 F. Supp. 2d 332 (E.D. La. 2013) (Milazzo, J.), cited by defendants, are factually distinguishable.